IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| **GERALD PIERCE and KATHLEEN PIERCE,** | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:19-cv-02061 |
| **OCWEN LOAN SERVICING, LLC, and DEUTSCHE BANK NATIONAL TRUST COMPANY,** | ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER

Before the Court is Defendants Ocwen Loan Servicing, LLC's ("Ocwen") and Deutsche Bank National Trust Company's ("Deutsche") November 7, 2019 Motion for Summary Judgment. (ECF No. 25.) Plaintiffs Gerald and Kathleen Pierce responded on January 7, 2020. (ECF No. 32.) Defendants replied on January 16, 2020. (ECF No. 34.)

For the following reasons, the Motion for Summary Judgment is GRANTED.

**I. Background**

This is an action to prevent foreclosure. On June 24, 2004, Plaintiffs obtained a $171,087 mortgage loan from Accredited Home Lenders, Inc. ("Accredited Home Lenders"). (Pls.' Resp. to

Defs.' Statement of Undisputed Facts, ECF No. 32-1 ¶ 1.) Plaintiffs executed a promissory note (the "Promissory Note") in favor of Accredited Home Lenders and a deed of trust (the "Deed of Trust") in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Accredited Home Lenders. (Id. ¶¶ 1-2.) Deutsche, as trustee for GSAMP Trust 2004-AHL, is Plaintiffs' current lender under the Promissory Note.[1] (See Answer, ECF No. 13 at 1.) Ocwen services Plaintiffs' loan. (See id. ¶ 3.)

In 2013, Plaintiffs filed an action (the "First Action") against Deutsche and Ocwen in the U.S. District Court for the Western District of Tennessee. (See ECF No. 32-1 ¶ 4); see generally Pierce v. Deutsche Bank Nat'l Tr. Co., Case No. 2:13-cv-02491-JPM-dkv (W.D. Tenn.). The parties settled the First Action in 2014. As part of that settlement, the parties executed a Mediation Settlement Agreement (the "MSA") on or around September 17, 2014. (ECF No. 32-1 ¶ 5.) In the MSA, the parties agreed that Plaintiffs' loan would be reinstated, that Plaintiffs' principal and interest payments would be fixed, and that Plaintiffs' escrow payments would be subject to adjustment.[2]

---

[1] Neither party provides affirmative evidence of Deutsche's status. However, Plaintiffs do not dispute that Deutsche obtained title to their home in or around October 2012. (See Compl., ECF No. 1-1 ¶ 2.)

[2] In mortgage lending agreements, escrow payments are made by the borrower to fund the payment of "annual taxes and casualty insurance premiums" for the property. 1 Grant S. Nelson et al., Real Estate Finance Law § 4:17 (6th ed. 2016).

(Defs.' Resp. to Pls.' Statement of Additional Facts, ECF No. 34 at 2 ¶ 1.) On February 14, 2015, in furtherance of the settlement in the First Action, the parties executed a Confidential Settlement Agreement and Release (the "Settlement Agreement"). (ECF No. 32-1 ¶ 7.) In the Settlement Agreement, the parties agreed that Plaintiffs' escrow payments would be subject to adjustment. (Id. ¶ 8.)

Some time after the parties settled the First Action, Defendants increased the amount of Plaintiffs' escrow payments. (See Affidavit of Joelly M. Carvajal, ECF No. 25-3 at 3 ¶ 12.) In October, November, and December 2018, Defendants rejected and returned Plaintiffs' loan payments. (Id. at 3 ¶ 11.) On January 10, 2019, Plaintiffs filed suit against Defendants in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis. (ECF No. 1-1.) Plaintiffs sought an injunction barring Defendants from foreclosing on their home, as well as compensatory damages for breach of the MSA. (Id. ¶¶ 10-11.) On January 23, 2019, Defendants removed Plaintiffs' suit to this Court. (ECF No. 1.)

On January 31, 2019, Defendants moved for a more definite statement of Plaintiffs' claims. (ECF No. 9.) On February 13, 2019, the Court denied Defendants' motion for a more definite statement and found that Plaintiffs' Complaint "sufficiently, though barely, allege[s] sufficient facts for Defendant[s] to

3

infer a claim for breach of contract," but "does not [] provide sufficient information to allow Defendant[s] to frame a responsive pleading for any other claims." (ECF No. 12 at 1) (quotation marks omitted).

On November 7, 2019, Defendants filed the Motion for Summary Judgment. (ECF No. 25.)

**II. Jurisdiction and Choice of Law**

The Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs are resident citizens of Tennessee. (ECF No. 1 ¶ 7; ECF No. 1-1 ¶ 1.) Deutsche is a citizen of California. It is a national banking association that, as designated in its articles of association, has its main office in California. (ECF No. 1 ¶ 9); see Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 318 (2006) (holding that, for purposes of diversity, a national banking association is a citizen of the "State designated in its articles of association as its main office"); 28 U.S.C. § 1348.

Ocwen is a citizen of the U.S. Virgin Islands. It is a limited liability company. (ECF No. 1 ¶ 8.) "[L]imited liability compan[ies] . . . have the citizenship of each partner or member." Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 187-92 (1990)). Ocwen has one member, Ocwen Mortgage Servicing, Inc. (ECF No. 1 ¶ 8.) Ocwen Mortgage Servicing, Inc. is a citizen of the U.S. Virgin Islands. It is incorporated

in the U.S. Virgin Islands and has its principal place of business in the U.S. Virgin Islands. (Id.) The parties are completely diverse.

The amount-in-controversy requirement is satisfied. Plaintiffs seek $500,000 in compensatory damages. (ECF No. 1-1 ¶ 13.) "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).

State substantive law applies to state law claims in federal court. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938). When there is no dispute that a certain state's substantive law applies, the court need not conduct a choice-of-law analysis sua sponte. See GBJ Corp. v. E. Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998). Defendants assume, and Plaintiffs do not dispute, that Tennessee substantive law governs Plaintiffs' claims. (See ECF No. 25-1 at 5-10.) The Court applies Tennessee substantive law to Plaintiffs' claims.

### III. Standard of Review

Under Federal Rule of Civil Procedure 56, a court must grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must show that the nonmoving party, having had sufficient opportunity for discovery, lacks

5

evidence to support an essential element of its case. See Fed. R. Civ. P. 56(c)(1); Peeples v. City of Detroit, 891 F.3d 622, 630 (6th Cir. 2018).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A genuine dispute exists when the plaintiff presents significant probative evidence on which a reasonable jury could return a verdict for her." EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (en banc) (quotation marks omitted). The nonmoving party must do more than simply "'show that there is some metaphysical doubt as to the material facts.'" Lossia v. Flagstar Bancorp, Inc., 895 F.3d 423, 428 (6th Cir. 2018) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). The nonmovant must identify specific evidence in the record sufficient to establish a genuine issue for trial. See Fed. R. Civ. P. 56(c)(1); Hanson v. Madison Cty. Det. Ctr., 736 F. App'x 521, 527 (6th Cir. 2018).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

## IV. Analysis

Defendants move for summary judgment on Plaintiffs' breach of contract claim. (ECF No. 25.) Defendants argue that: (1) the MSA under which Plaintiffs have sued was replaced by the Settlement Agreement and is unenforceable; (2) Plaintiffs cannot prove that Defendants breached the MSA; and (3) Plaintiffs' alleged damages are solely attributable to Plaintiffs' failure to make their loan payments in full. (Id. ¶ 4; ECF No. 25-1 at 2, 5-10.)

The Court need consider only Defendants' second argument, which is dispositive. There is no dispute of material fact about whether Defendants breached the MSA.

To succeed on a breach of contract claim in Tennessee, a plaintiff must establish: (1) "the existence of a valid and enforceable contract"; (2) "a deficiency in the performance amounting to a breach"; and (3) "damages caused by the breach." Fed. Ins. Co. v. Winters, 354 S.W.3d 287, 291 (Tenn. 2011) (citing ARC LifeMed, Inc. v. AMC-Tenn., Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)). Plaintiffs argue that Defendants breached the MSA by raising Plaintiffs' escrow payments inappropriately. (See ECF No. 32 at 3.) They assert that "a material issue of fact exists concerning whether [Defendants'] attempts to increase the escrow payment w[ere] appropriate." (Id.)

7

Plaintiffs are unclear about which provision of the MSA they allege Defendants have breached. The MSA provides that the "escrow portion" of Plaintiffs' monthly loan payment "is subject to readjustment," but does not otherwise discuss Plaintiffs' escrow payments. (ECF No. 25-3 at 41.) As Defendants note, Plaintiffs' Deed of Trust discusses the permissible bases for the adjustment of Plaintiffs' escrow payments. (See ECF No. 34 at 7-8; ECF No. 25-3 at 23.) Plaintiffs' suit, however, relies solely on the MSA. (See ECF No. 1-1.)

Regardless of the provision of the MSA Plaintiffs allege Defendants to have breached, their claim fails because there is no dispute of material fact about whether Defendants inappropriately raised Plaintiffs' escrow payments. Defendants have met their burden to establish "the absence . . . of a genuine dispute" about that issue. Fed. R. Civ. P. 56(c)(1)(B). The parties agree that Plaintiffs' escrow payments are to be made "for payment of real property taxes and insurance" and are "subject to readjustment." (ECF No. 32-1 ¶¶ 6, 8, 10.) Defendants assert that they increased Plaintiffs' escrow payments "due mainly to increases in hazard insurance premiums." (ECF No. 34 at 8.) Defendants submit the transaction history of Plaintiffs' loan. (See ECF No. 25-3 at 47-51.) The transaction history demonstrates that Ocwen, as the servicer for Plaintiffs' loan, disbursed funds from Plaintiffs' escrow account to pay

8

annual hazard insurance premiums of $2,020.13 in 2016, $2,300.19 in 2017, $2,745.93 in 2018, and $3,320.49 in 2019. (Id. at 50-51.) Disbursements for Plaintiffs' property taxes increased modestly during the same period. (See id.) Defendants assert that the increasing disbursements for Plaintiffs' property taxes and insurance premiums "produced a shortage of funds" in Plaintiffs' escrow account. (ECF No. 34 at 8-9.) Therefore, Defendants raised Plaintiffs' escrow payments. (Id.)

Plaintiffs submit a single piece of evidence at summary judgment, an affidavit by Plaintiff Gerald Pierce. (ECF No. 32-2.) In his affidavit, Pierce states:

> I am familiar with the taxes due and cost of insurance on the property. Any attempts to increase the escrow payments were improper and the increase demanded was not based on any changes in the tax payments due or any change in the amount owed for any insurance on the property.

(Id. ¶ 8.) Relying on Pierce's affidavit, Plaintiffs assert that "a material issue of fact exists concerning whether the attempts to increase the escrow payments w[ere] appropriate." (ECF No. 32 at 3.)

Affidavits are valid evidence at summary judgment. See Fed. R. Civ. P. 56(c)(1)(A). However, an affidavit that "contains only conclusory allegations and naked conclusions of law" is not, without more, sufficient to defeat a properly supported motion for summary judgment. Sigmon v. Appalachian

9

Coal Props., Inc., 400 F. App'x 43, 48-49 (6th Cir. 2010) (citing Galindo v. Precision Am. Corp., 754 F.2d 1212, 1216 (5th Cir. 1985), and 10A Charles A. Wright et al., Federal Practice and Procedure § 2738 (1983)); see also Alexander v. CareSource, 576 F.3d 551, 560 (6th Cir. 2009) ("Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment."); Emmons v. McLaughlin, 874 F.2d 351, 354-55 (6th Cir. 1989) (affirming grant of summary judgment where plaintiff's affidavit was "vague and conclusory" and "devoid of specific information that might conceivably create a genuine issue"). Pierce's affidavit is the only evidence Plaintiffs offer. They provide no documentary evidence that the taxes and insurance premiums on their property have not increased. Defendants provide documentary evidence that they have. (See ECF No. 34 at 8-9; ECF No. 25-3 at 50-51.)

In his affidavit, Pierce asserts that he is "familiar with the taxes due and cost of insurance on the property," but does not prove, or even assert, that the taxes and premiums did not increase from 2016 to 2019. (See ECF No. 32-2 ¶ 8.) Pierce's assertion that "any attempts to increase the escrow payments were improper" simply restates Plaintiffs' theory of liability. See G.D. Deal Holdings, LLC v. Baker Energy, Inc., 291 F. App'x 690, 696-97 (6th Cir. 2008) (summary judgment was appropriate where the only relevant evidence offered by the plaintiff was a

"conclusory affidavit, which conflicts with all of the documentary evidence"); Doren v. Battle Creek Health Sys., 187 F.3d 595, 598-99 (6th Cir. 1999) (affidavit that was "merely conclusory, restating the requirements of the law . . . [could not] create a genuine issue of material fact sufficient to defeat summary judgment").

In response to Defendants' well-supported Motion for Summary Judgment, Plaintiffs offer only a conclusory affidavit to support their assertion that Defendants inappropriately raised escrow payments. That is insufficient. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Summary judgment is appropriate.

**V. Conclusion**

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED.

So ordered this 13th day of April, 2020.

                                            /s/ *Samuel H. Mays, Jr.*
                                            Samuel H. Mays, Jr.
                                            UNITED STATES DISTRICT JUDGE